UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY A. DEAN,

       Plaintiff,

v.                                                                                          Case No. 1:06-CV-130
                                                                                            Hon. Robert Holmes Bell

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on August 26, 1958 and has a high school diploma (AR 45, 111).[1] Plaintiff alleges that he became disabled on May 19, 2003 (AR 45). He had previous employment as a night auditor in a hotel, a website designer, a technical support help desk worker for a computer company, an information technology consultant and a general manager of a restaurant (AR 106, 351-56). Plaintiff identified his disabling conditions as degenerative disc disease of the spine, diabetes, anxiety and Osgood-Schlatter disease of the knees (AR 105). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on July 21, 2005 (AR 14-22). This decision, which was later

---

[1] Citations to the administrative record will be referenced as (AR "page #").

approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases.  *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265,

1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991).  "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date."  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).  *See Brooks v. Sullivan*, No. 90-5947, 1991 WL 158744 at *2 (6th Cir. Aug. 14,1991) ("[t]o establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits . . . or that he became disabled prior to the Secretary's issuing of the final decision on this claim . . . 20 C.F.R. §§ 416.335, 416.330").

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  Following the five steps, the ALJ initially found that plaintiff "may or may not have engaged in substantial gainful activity since the alleged onset of disability" (AR 20).  Plaintiff was ostensibly self-employed, owning "Kahuna Kreation Inc.," a business which he operated as a Subchapter S corporation (AR 16).  The ALJ noted that plaintiff reported his income from his work activity as dividends paid to a shareholder of the corporation (AR 16).  The ALJ explained that:

> As such, it is not possible without further development to ascertain just how much value to assign to his activity in terms of substantial gainful activity.  Whereas the ultimate decision in this case is that the claimant is not disabled, a decision on the issue of substantial gainful activity concerning his work activity within Kahunas Kreation Inc is deferred.

(AR 16).

Second, the ALJ found that he suffered from severe impairments of degenerative disc disease of the lumbar spine, obesity, and generalized anxiety disorder (AR 20).  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR

4

21).  The ALJ decided at the fourth step that plaintiff :

> has the residual functional capacity to perform sedentary work involving lifting and/or carrying no more than 10 pounds; standing and/or walking up to two hours and sitting up to six hours per eight-hour workday, with the option to sit or stand as needed; no more than occasional pushing or pulling with his upper extremities; no more than occasional climbing of stairs and ramps, balancing, stooping, kneeling, crouching, or crawling.  Such work can only be simple, unskilled work.

(AR 21).  The ALJ concluded that plaintiff was unable to perform his past relevant work.  The ALJ also found that plaintiff's allegations regarding his limitations are not totally credible (AR 21).

At the fifth step, the ALJ determined that plaintiff was capable of performing a significant range of sedentary work (AR 21). The ALJ found that there were a significant number of jobs in the national economy that plaintiff could perform.  Specifically, plaintiff could perform 13,000 jobs as an assembler or machine tender (AR 21).   Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 21-22).

## III.  ANALYSIS

Plaintiff raises four issues on appeal.

> **A.    The ALJ failed to give the opinion of plaintiff's primary treating physician controlling weight as required by 20 C.F.R. § 404.1527.**
>
> **B.    The ALJ failed to give the opinion of plaintiff's primary treating physician any weight as required by 20 C.F.R. § 404.1527.**

A plaintiff's treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  However, an ALJ is not bound by the conclusory statements of

5

doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

The ALJ found that the medical evidence did not include any opinions of his treating or examining doctors concerning his capacity for work activity (AR 18). Plaintiff contends that the ALJ failed to give controlling weight, or for that matter, "any weight" to the Veteran's Administration (VA) clinic's findings (1) that he suffered from uncontrolled diabetes and (2) that he could not walk, stand or sit at a job. Plaintiff's Brief at 4. Plaintiff's first contention is based upon a July 29, 2005 statement offered by Kim Lefler, MSW, FN P-C (AR 296). In this statement, Nurse Lefler opines that plaintiff cannot stand or sit for greater than one hour due to peripheral neuropathy related to his uncontrolled diabetes (AR 296). Plaintiff's second contention is based upon medical needs statement for the Michigan Family Independence Agency completed by Nurse

6

Lefler on October 31, 2003 (AR 281, 285-86). In this statement, Nurse Lefler opines that plaintiff cannot walk, stand or sit on the job, because of uncontrolled glucose levels (AR 285).

The ALJ could properly discount Nurse Lefler's opinions because she is not an acceptable medical source under 20 C.F.R. §§ 404.1513 and 416.913. While her opinion can be considered as evidence from a non-medical source, it is not entitled the weight given to the opinions of doctors. *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) (evidence from "other" non-medical sources includes information from nurse-practitioners, physician's assistants, naturopaths, chiropractors, audiologists and therapists). *See also, Shontos v. Barnhart*, 328 F.3d 418, 425-26 (8th Cir. 2003) (nurse practitioner is not an "acceptable medical source" under § 404.1513(a), but can be considered as an "other" medical source under 20 C.F.R. § 404.1513(d)(1)); *Nierzwick v. Commissioner of Social Security*, No. 00-1575, 2001 WL 303522 at * 4 (6th Cir. March 19, 2001) (physical therapist's report not afforded significant weight because the therapist is not recognized as an acceptable medical source).

The ALJ also found that plaintiff's diabetes is evidenced in the records, "but those records show that when he follows his medication regimen, the diabetes and symptoms are controlled" (AR 16). Treatment notes indicate that plaintiff's diabetes was "better controlled" as of April 24, 2003 (AR 149-50, 220). In October 2003, Nurse Lefler characterized plaintiff's diabetes as uncontrolled (AR 294). She continued plaintiff's medications and had "much discussion in relationship to the Atkins diet and his diabetes and lipid control" (AR 295). In February 2004, plaintiff "has not been watching his diet regularly and not taking his medications routinely," and "has not been taking his blood pressure or blood sugars as recommended" (AR 292). Despite his failure to take prescribed medications and follow medical recommendations, Nurse Lefler described

plaintiff as "in no acute distress" (AR 292). In September 2004 plaintiff advised Nurse Lefler that he wanted to discontinue insulin, blood pressure medication and cholesterol medication in an attempt to gain control of these problems with his diet (AR 288-89). In November 2004 plaintiff's diabetes was described as "well controlled at this time" (AR 290).

The record supports the ALJ's determination plaintiff's diabetes could be controlled. An impairment that can be remedied by treatment will not serve as a basis for a finding of disability. *Henry v. Gardner*, 381 F.2d 191, 195 (6th Cir. 1967). *See also Hardaway v. Secretary of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) (noting that plaintiff's respiratory problems could be effectively controlled with use of drugs) (per curiam); *Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (finding no disability where the claimant' impairments were controlled with medication).

Furthermore, the record does not indicate that plaintiff's diabetes was consistently uncontrolled. While Nurse Lefler concluded that plaintiff's diabetes was uncontrolled after his October 2003 visit, she considered it "better controlled" prior to that time and "well controlled" after that date.

Accordingly, the ALJ properly evaluated the medical opinions in the record.

### C. The ALJ applied 20 C.F.R. § 404.989 incorrectly by failing to reopen the hearing when new material evidence was submitted.

At the commencement of the hearing, plaintiff's counsel requested extra time to submit an updated residual functional capacity (RFC) form from the VA (AR 313-14). The ALJ gave plaintiff two weeks to submit the form, stating that "[i]f you need more time, you'll just give me a call, and we'll extend it" (AR 141, 361). In his decision entered on July 21, 2005, the ALJ stated that "[plaintiff] was given an ample opportunity after the hearing to provide a residual

functional capacity assessment from any of his treating medical sources, but did not do so" (AR 19). The ALJ declined plaintiff's August 23, 2005 request to re-open the decision (AR 8). Plaintiff contends that the ALJ did not give good reasons for denying his request to re-open. A federal district court has no jurisdiction to review an ALJ's decision not re-open a decision absent a constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Harper v. Secretary of Health & Human Services*, 978 F.2d 260, 262 (6th Cir. 1992). Plaintiff has failed to raise a constitutional claim. Accordingly, this court has no jurisdiction to review the ALJ's denial of his request to re-open the decision.

In his brief, plaintiff raises a related issue that his paralegal submitted the updated medical evaluation report within two weeks of the hearing (AR 297-300). Plaintiff's Brief at 2. Plaintiff's counsel does not provide the court with any evidence to support the claim that he submitted the updated RFC form in a timely manner. Nevertheless, even if the court takes counsel's statement at face value and assumes that plaintiff properly submitted the RFC evaluation, and that the form failed to reach the ALJ for his review, the court concludes that a remand is not necessary because this situation amounted to harmless error.

The court has reviewed the RFC evaluation at issue, which was signed by Todd Myers, M.D. (AR 297-300). Plaintiff's restrictions are set forth on pages 1 and 2 of the RFC (AR 297-300). However, Dr. Myers disclaimed his involvement in the RFC evaluation, stating that

> Patient had exam with Munson Medical Center -- & Fellows with Nurse Practitioner Kim Lefler. Please refer to her assessments as I have never examined patient. Page 1 & 2 were not filled out by me

(AR 300). The court notes that no one signed the restrictions on pages 1 and 2 (AR 297-98). In summary, the restrictions set forth in the RFC evaluation was of unknown origin and disclaimed by

9

the signing physician. Such a document would be of extremely limited value to the ALJ. "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). "When 'remand would be an idle and useless formality,' courts are not required 'to convert judicial review of agency action into a ping-pong game.'" *Kobetic v. Commissioner of Social Security*, No. 03-2136, 2004 WL 2491074 at *2 (6th Cir. Nov. 4, 2004), *quoting NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969).

Accordingly, plaintiff is not entitled to a remand for reconsideration of this RFC evaluation.

### D. The ALJ made a factual mistake when determining that the evidence did not support a finding of disability.

In this final statement of error, plaintiff contends that it was error: to find that his diabetes was controlled; to find his testimony not credible; and to find that he could work an eight-hour day with a sit/stand option. Plaintiff's Brief at 6. The court has addressed the diabetes issue and disputed RFC evaluations. *See supra*. The remaining issue involves plaintiff's contention that the ALJ improperly found plaintiff's testimony not credible. An ALJ's credibility determinations are accorded deference and not lightly discarded. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987). Plaintiff presents no argument to support his bald assertion that the ALJ erred in finding that his testimony was not credible. Accordingly, the court deems the credibility argument waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are

deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

### IV. Recommendation

I respectfully recommend that the Commissioner's decision be affirmed.


Dated: January 8, 2007                    /s/ Hugh W. Brenneman, Jr.
                                          Hugh W. Brenneman, Jr.
                                          United States Magistrate Judge




ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).